(Surrogate's Court, New York County. February, 1903.)

1. CONTEMPT—REFUSAL OF EXECUTOR TO TESTIFY.
    An executor of a will is guilty of contempt in refusing, at an appraisal to fix the transfer tax on his estate, to answer questions as to the assets thereof which would be taxable if decedent died a resident of the state, before it has been decided that decedent was at the time of his death a nonresident.

In the matter of the appraisal of the property of David Wolfe Bishop. Order for warrant to commit witness for contempt granted.

James J. McEvilly, for State Comptroller.
Parsons, Closson & McIlvaine, for executors.

THOMAS, S.　The duty imposed upon the appraiser is to fix the fair market value of the property of the decedent which is subject to the payment of any tax imposed by article 10 of the tax law, Laws 1896, c. 908, § 230.　For that purpose he is authorized to issue subpœnas and to compel the attendance of witnesses before him, and to take the evidence of such witnesses under oath concerning such property and the value thereof (section 231).

The contention of the executors is that the decedent was, at the time of his death, domiciled in the state of Massachusetts, while counsel for the State Comptroller argues that he was a resident of this state.　Some evidence on this issue has been offered by both sides, and only part of the record is before me on this application.　An executor was sworn as a witness, and refused to answer certain questions as to assets of the decedent which would be taxable if he was a resident of this state, but which would not be taxable if he was a nonresident. The present application is to punish him for contempt.　The executor is in error in supposing that the evidence offered by him of the nonresidence of the decedent is conclusive.　All of that evidence concerned acts and declarations of the decedent which might have been done and made to create an apparent residence in Massachusetts for the sole purposes of taxation, while an actual and beneficial residence in New York, for all other purposes, was still retained; and it is subject to rebuttal.　The question of domicile can seldom, if ever, be said to be conclusively and finally established by any one declaration, or any series of declarations, so as to preclude evidence of other facts.　The appraiser had jurisdiction to determine the place of domicile of the decedent as an incident to his power to assess only those assets which are taxable under the law, but he cannot be required to announce his decision in installments, or coerced as to the order of the proof to be taken before him.　Until he has decided that the decedent was a nonresident of this state, or until that fact is conceded, questions as to assets taxable on the theory that the decedent was a resident of this state are "legal and pertinent."

The direction of the appraiser that the witness prepare and produce a list of assets was in excess of his powers.　All that the witness is obliged to do is to answer pertinent questions, and the making of lists is not one of his duties.　Neither can a witness be punished for failure to produce books and papers not presently in his possession or under his control at the place of trial, by an oral direction of the appraiser. Such a direction is not an equivalent to a subpœna duces tecum under section 231 of the tax law and section 856 of the Code of Civil Procedure.　The question put as to "what stocks are they?" to wit, what stocks of corporations not organized under the laws of the state of New York were owned by the decedent at the time of his death, was pertinent and proper, and the witness can be dealt with on this application for his refusal to answer it.

An order will be made that a warrant to commit the witness issue,

in the form prescribed by section 857 of the Code of Civil Procedure if he fails to appear before the appraiser within five days and answer this question.

Decreed accordingly.